**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Steven HOLMBERG, Defendant–Appellant.**

No. 02–50077.

D.C. No. CR–01–01891–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2002.[1]

Decided Dec. 9, 2002.

Before PREGERSON, THOMPSON, and WARDLAW, Circuit Judges.

**MEMORANDUM**[2]

Holmberg entered a conditional guilty plea for possession of stolen mail, preserving his right to appeal the denial of his motion to suppress the evidence. Holmberg now challenges the district court's denial of his motion to suppress evidence which he asserts was gathered in violation of his Fourth Amendment rights.

We have reviewed Holmberg's claim that the police acted unreasonably in stopping the vehicle in which he was a passenger, and we find that this claim does not merit relief. Considering the "totality of the circumstances," *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 752, 151 L.Ed.2d 740 (2002), the district court did not err in finding that, in combination, the two reports to the police station-the first reporting a crime by two males on foot heading toward a parking lot, and the second reporting a suspicious truck with three passengers traveling away from an adjacent complex minutes later-gave the officers reasonable suspicion to pull over the appellant.

We have also reviewed Holmberg's claim that the police searched the vehicle in which he was a passenger without probable cause, and we find that the record supports the district court's ruling that the probable cause requirement was met. After pulling over a white truck and verifying that the individuals and the vehicle matched the descriptions reported by two citizen informants, the police had probable cause to believe the truck contained the letters stolen from the mailboxes.

**AFFIRMED.**

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited in or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.